UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
GABRIELE COSTANTINO,

                Plaintiff,                          **ORDER OF PARTIAL DISMISSAL**
                                                                     25-CV-05199 (NRM) (JAM)

          -against-

DETECTIVE KEVIN CHOI (NYPD);
ASSISTANT DISTRICT ATTORNEY AMANDA
FISHER (Kings County DA's Office); GERMANA
F. GIORDANO, ESQ.; JOSHUA SCHEIER; KAILEY
MORAN (Legal Aid Society); CONSULAR OFFICIAL
DE NICHILO; OTHER UNKNOWN OFFICERS
AND OFFICIALS OF THE CITY AND STATE OF
NEW YORK AND NEW JERSEY; and CORRECTIONAL
STAFF AT RIKERS ISLAND,

                Defendants.
-----------------------------------------------------------------X
**NINA R. MORRISON**, United States District Judge:

*Pro se* Plaintiff Gabriele Costantino, who resides in Italy, filed this action under 42 U.S.C. § 1983 and asserts claims under the Vienna Convention on Consular Relations ("VCCR"). Compl., ECF No. 1 (Oct. 21, 2025). Plaintiff's request to proceed *in forma pauperis* ("IFP") is granted. Plaintiff's request for pro bono counsel is denied without prejudice. Plaintiff's claims against Amanda Fischer, Germana F. Giordano, Joshua Scheier, Kelly Moran, De Nichilo, and unknown officers and officials of the City and State of New York and New Jersey are dismissed. Plaintiff's false arrest claim against Detective Kevin Choi will proceed once his precinct assignment is determined. Plaintiff's claims for the use of excessive force by John and/or Jane Doe correctional staff at Rikers Island will proceed once they are identified.

1

## BACKGROUND

The Plaintiff asserts claims for false arrest, excessive force by Rikers Island staff, denial of a fair trial, and a violation of the VCCR. Plaintiff asserts that in May 2021, he was falsely arrested by Defendant Choi in Brooklyn, New York, for allegedly violating a restraining order. Compl. at 2. In 2021, while in Italy, he learned that he faced additional charges. *Id*. at 3. In 2023, while in Switzerland, Plaintiff was arrested and extradited to New York. *Id*. From November 2023 until September 2024, Plaintiff was detained at Rikers Island, where he alleges that he was pepper-sprayed while restrained, denied medical treatment, and that disciplinary reports against him were falsified. *Id*. On September 18, 2024, he was acquitted of the charges brought in Kings County Supreme Court. *Id*; *see also* ECF No. 1-3 at 71. He states that, although Defendant De Nichilo, an official from the Italian consulate, was present at his criminal trial, he failed to inform Plaintiff of his rights to file a civil action. Compl. at 3. He claims that Defendant Giordano, an attorney recommended by the Italian consulate, misled him about the status of a civil case. He further asserts that Scheier and Moran, attorneys with the Legal Aid Society, pressured him to plead guilty and withheld discovery. *Id*. at 3–4. He alleges that, although he was acquitted, he was detained by immigration officials and taken to the airport for deportation. *Id*. at 4. Plaintiff seeks monetary damages.

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable

2

inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that, even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

Nonetheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy"; or (2) "the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citation modified).

## DISCUSSION

### I. Plaintiff's Section 1983 Claims

Section 1983 provides, in relevant part, that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or

3

causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see also Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (discussing Section 1983 and *Baker*). To state a claim under Section 1983, a plaintiff must allege two essential elements: "(1) that the defendants deprived him of a right 'secured by the Constitution or laws of the United States'; and (2) that they did so 'under color of state law.'" *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)).

### a. Plaintiff's Claims Against Assistant District Attorney Fisher

Plaintiff alleges that Assistant District Attorney ("ADA") Amanda Fisher pursued a prosecution despite a lack of investigation and contradictory evidence. Compl. at 2. It is well established that "a state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution," *Imbler v. Pachtman,* 424 U.S. 409, 410 (1975), "is immune from a civil suit for damages under § 1983." *Id.* at 431; *see also Buckley v. Fitzsimmons,* 509 U.S. 259, 273 (1993) (holding that, while administrative duties and certain early investigatory functions are not entitled to absolute immunity, "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role

4

as an advocate for the State, are entitled to the protections of absolute immunity"); *Imbler,* 424 U.S. at 420 ("[The Courts of Appeals] are virtually unanimous that a prosecutor enjoys absolute immunity from § 1983 suits for damages when he acts within the scope of his prosecutorial duties."). "Because the immunity attaches to the official prosecutorial function and because the initiation and pursuit of a criminal prosecution are quintessential prosecutorial functions, the prosecutor has absolute immunity for the initiation and conduct of a prosecution 'unless [he] proceeds in the clear absence of all jurisdiction.'" *Shmueli v. City of New York*, 424 F.3d 231, 237 (2d Cir. 2005) (internal citations omitted) (quoting *Barr v. Abrams,* 810 F.2d 358, 361 (2d Cir. 1987)).

Here, Plaintiff's allegations against Defendant Fischer stem from her role in initiating and continuing the state criminal prosecution of Plaintiff. The Complaint plausibly suggests neither that she acted outside of the scope of her duties as an ADA, nor that any liability would arise from her administrative or investigatory, rather than her advocacy, functions. Accordingly, the claim against Defendant Fischer is dismissed as barred by the doctrine of absolute prosecutorial immunity and as frivolous. *See Collazo v. Pagano,* 656 F. 3d 131, 134 (2d Cir. 2011) (holding claims dismissed for prosecutorial immunity are deemed frivolous); 28 U.S.C. §§ 1915(e)(2)(B).

### b. Plaintiff's Claims Against the Defense Attorney Defendants

Because Section 1983 imposes liability for constitutional violations by state actors, Defendants Scheier and Moran, attorneys with the Legal Aid Society, and

5

Defendant Giordano, a private attorney, are beyond the scope of Section 1983 liability.  Since the Plaintiff's Complaint fails to allege any facts that plausibly suggest these Defendants were state actors or acting under color of state law at the time of the alleged civil rights violations, Plaintiff cannot state a Section 1983 claim against them.  *See Licari v. Voog*, 374 Fed. App'x 230, 231 (2d Cir. 2010) ("It is well established that private attorneys—even if the attorney was court appointed—are not state actors for the purposes of [Section] 1983 claims."); *Braithwaite v. Collins*, No. 22-CV-00161 (JS) (AYS), 2023 WL 2350030, at *8 (E.D.N.Y. Mar. 3, 2023) (noting that defense attorneys, "whether court-appointed or privately retained, are generally not state actors").  Therefore, Plaintiff's claims against Defendants Scheier, Moran, and Giordano are dismissed for failure to state a claim.  *See* 28 U.S.C. §§ 1915(e)(2)(B).

## II.     The Vienna Convention on Consular Relations

Although unclear, Plaintiff seems to assert that consular official De Nichilo violated the VCCR[1] by failing to give him proper information regarding the filing of a civil action in New York.  He further asserts that the Italian Consulate (and, therefore, presumably Defendant De Nichilo) referred him to attorney Giordano. Compl. at 3.  The VCCR governs consular immunity.  *United States v. Kostadinov*, 734 F.2d 905, 910 (2d Cir. 1984).  Determining whether consular immunity applies "involves a two-part inquiry." *Ford v. Clement*, 834 F. Supp. 72, 75 (S.D.N.Y. 1993)

---

[1] *See* Vienna Convention on Consular Relations ("VCCR"), Apr. 24, 1963, 21 U.S.T. 77, T.I.A.S. No. 6820 (entered into force Dec. 24, 1969).

6

(citing *Gerritsen v. Consulado General de Mexico*, 989 F.2d 340, 346 (9th Cir. 1993)). First, the court must determine whether the official's actions "implicated some consular function." *Id*. (citation modified). Second, the "acts for which the consular officials seek immunity must be 'performed in the exercise of the consular functions' in question." *Id*.

Article 5 of the VCCR defines what consular functions are and includes: "subject to the practices and procedures obtaining in the receiving State, representing or arranging appropriate representation for nationals of the sending State before the tribunals and other authorities of the receiving State . . . ." VCCR, art. 5(i). Here, helping a national in legal trouble is a recognized consular function under Article 5 of the VCCR. Attending a criminal trial and referring the national to an attorney is arguably within that consular function role. Therefore, Plaintiff's claim against Defendant De Nichilo is barred by consular immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

* * *

Plaintiff's claims for false arrest against Detective Kevin Choi and for excessive force by unidentified correctional staff at Rikers Island Correctional Facility will be permitted to proceed once the individuals are identified.

## CONCLUSION

Accordingly, it is hereby:

ORDERED that Plaintiff's claims against Amanda Fischer, Germana F. Giordano, Joshua Scheier, Kelly Moran, De Nichilo and unknown officers and officials

of the City and State of New York and New Jersey[2] are dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). No summons shall issue as to these Defendants, and it is further;

ORDERED that, in accordance with *Valentin v. Dinkins*, 121 F.3d 72 (2d. Cir. 1997) (per curiam), the Court hereby requests the Corporation Counsel of the City of New York to ascertain (1) the current precinct assignment and shield number for Detective Kevin Choi, who is alleged to have been involved in the arrest and extradition of Plaintiff and (2) the full names of the Correctional Officers alleged to have used excessive force while Plaintiff was detained at the Otis Bantum Correctional Center on Rikers Island, including but not limited to the incidents alleged to have occurred on March 22, 2024, and April 23, 2024. *See* ECF No. 1-3 at 94–95. The Corporation Counsel of the City of New York is to provide an address where Detective Choi may be served and the full names of the John Doe Corrections Officers; the Corporation Counsel is also requested to provide the addresses where these individuals can currently be served; the government need not undertake to defend or indemnify these individuals at this juncture, and it is further;

ORDERED that the Corporation Counsel of the City of New York is hereby requested to produce the information specified above regarding the current precinct assignment for Detective Choi, and the identities of the John Doe Defendants and the addresses where they can be served to the Court within forty-five (45) days from the date of this Order; once the Officers are identified, Plaintiff's complaint shall be

---

[2] Plaintiff does not allege any facts against these purported defendants.

8

deemed amended to reflect the full names of these individuals as a Defendants, summons shall issue, and the Court shall direct service on these Defendants, and it is further;

ORDERED that a copy of this Order shall be mailed to the Corporation Counsel, Special Federal Litigation Division, and it is further;

ORDERED that the action is referred to Magistrate Judge Joseph A. Marutollo for pretrial supervision.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status, is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to mail a copy of this Order to *pro se* Plaintiff and note the mailing on the docket.

SO ORDERED

                                                    */s/ Nina R. Morrison*
                                                  NINA R. MORRISON
                                                  United States District Judge

Dated:       November 10, 2025
                 Brooklyn, New York